UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE JACKSON, JR., aka HASAN ALI,<br><br>Petitioner,<br><br>v.<br><br>J. DOERER, Warden,<br><br>Respondent. | Case No.: 1:26-cv-00061-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on January 5, 2026, challenging his conviction pursuant to 28 U.S.C. § 2241. (Doc. 1.) For reasons that follow, the Court finds that it lacks jurisdiction to consider his claims. Therefore, the Court will recommend the petition be SUMMARILY DISMISSED.

**I.    PRELIMINARY REVIEW**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The provisions of Rule 4, which are applicable to § 2241 petitions under Rule 1(b), provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

1

judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

## II.     BACKGROUND

On March 13, 2014, Petitioner was found guilty in the United States District Court for the Western District of Tennessee of numerous robbery and firearm offenses. See United States v. Jackson, Case No. 2:12-cr-20157-STA-tmp (W.D. Tenn. 2012) (Doc. 191[1]).  On April 1, 2014, Petitioner appealed to the United States Court of Appeals for the Sixth Circuit. (Doc. 209.) On October 8, 2015, the Sixth Circuit Court of Appeals affirmed judgment. (Doc. 264.)  Petitioner petitioned for writ of certiorari to the United States Supreme Court. (Doc. 268.) On March 8, 2016, the petition was denied. (Doc. 269.) It does not appear that Petitioner filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255.

On January 5, 2026, Petitioner filed the instant habeas petition in this Court.  Petitioner raises several claims challenging his underlying conviction.

## III.    DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Jones v. Hendrix, 599 U.S. 465, 469 (2023); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007).  In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Jones, 599 U.S. at 469; Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

---

[1] Further docket references are to the docket in Jackson, Case No. 2:12-cr-20157-STA-tmp.

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. Jones, 599 U.S. at 474; Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[T]he saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones, 599 U.S. at 478. "[I]f - and only if – § 2255's remedy by motion is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Jones, 599 U.S. at 471 (quoting 28 U.S.C. § 2255(e)); Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). To show § 2255 constitutes an "inadequate and ineffective" remedy, a petitioner must: (1) make a claim of actual innocence; and (2) show he has never had an 'unobstructed procedural shot' at presenting the claim. Shephard v. Unknown Party, Warden, FCI Tucson, 5 F.4th 1075, 1076 (9th Cir. 2021); Ivy v. Pontesso, 328 F.3d 1057, 1059-1060 (9th Cir. 2003); Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192.

Here, Petitioner fails on both prongs. First, he does not claim actual innocence for purposes of bringing a § 2241 petition under the savings clause. To show actual innocence, Petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012) (citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Id. (citation omitted). Petitioner claims the indictment was defective and he claims he was not notified of his rights under the Vienna Convention. The claims do not raise any issue concerning factual innocence.

Second, Petitioner cannot demonstrate that he was denied an unobstructed procedural shot at presenting his claims. To determine whether Petitioner never had an unobstructed procedural shot to

pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quotations omitted); see also Jones, 599 U.S. at 477-78 (holding § 2241 is not available for collateral attacks on federal sentences based on intervening changes in statutory interpretation because § 2255(h) only allows second and successive § 2255 motions that rely on "newly discovery evidence" or "a new rule of constitutional law").

Here, Petitioner challenges the indictment, and he claims he was not advised of his rights under the Vienna Convention. The factual bases for these claims were available prior to trial, during trial, and appeal. Petitioner relies on no subsequent change in law or new rule of constitutional law, nor does he rely on any newly discovered evidence.

In addition, the fact that a Section 2255 motion could be rejected as untimely does not make Section 2255's remedy inadequate or ineffective to test the legality of his conviction. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (*per curiam*) (rejecting contention that § 2255 is inadequate or ineffective merely because prisoner's § 2255 motion might be procedurally barred). Accordingly, the petition does not demonstrate that Petitioner was denied an unobstructed procedural shot at presenting his claims. The petition does not qualify for the savings clause and should be dismissed.

**IV.     ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**V.     RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file

written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:  **January 8, 2026**                                          /s/ *Sheila K. Oberto*
                                                                                         UNITED STATES MAGISTRATE JUDGE